**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No.  97-40840

JIMMY RAY MOORE,

Plaintiff - Appellant,

VERSUS

BARBARA CARWELL, Commanding Officer III, Beto I Individually and in official capacity; DWAYNE DEWBERRY, Captain, Beto I Individually and in official capacity; JEFFERY RICHARDSON, Lieutenant, Beto I Individually and in official capacity; JAMES CARVE, Lieutenant, Beto I Individually and in official capacity,

Defendants - Appellees.

Appeal from the United States District Court
for the Eastern District of Texas

March 5, 1999

Before JOLLY, DUHÉ, AND EMILIO M. GARZA, Circuit Judges

JOHN M. DUHÉ, JR., Circuit Judge:


Jimmy Ray Moore ("Moore"), an inmate of the Texas Department of Criminal Justice, filed this civil rights lawsuit in forma pauperis under 42 U.S.C.A. § 1983 (West Supp. 1999) against prison officials alleging that multiple strip and body cavity searches performed by a female officer violated his First Amendment right to

free exercise of religion, Fourth Amendment right to be free from unreasonable searches and seizures, and his Eighth Amendment right to be free from cruel and unusual punishment.

After a United States Magistrate Judge held an evidentiary hearing pursuant to <u>Spears v. McCotter</u>, 766 F2d 179 (5th Cir. 1985), overruled on other grounds, <u>Neitzke v. Williams</u>, 490 U.S. 319, 324, (1989), she dismissed Moore's case as frivolous on the following grounds: (1) Moore failed to show the searches were a substantial burden upon his exercise of free religion; (2) Moore failed to show that his objection to a female performing the searches was a central tenet of his religion; (3) the searches served the compelling state interest of ensuring security within the state prison and were the least restrictive means of furthering that interest; and (4) the law at the time of the searches clearly established that the search was constitutionally permissible, entitling the Defendants to qualified immunity. The magistrate judge treated Moore's pre-order Motion to Amend his complaint by adding a request for injunctive relief as a Request to Alter or Amend the Judgment under Fed. R. Civ. Pro. 59. The magistrate judge rejected his request, and the Plaintiff appeals.

We hold that Moore's Fourth Amendment claim is not frivolous; that the Fourth Amendment, rather than the Eighth Amendment, applies to this type of prisoner search; and that the magistrate judge decided Moore's First Amendment claim under the now defunct Religious Freedom and Restoration Act (RFRA) standard. Therefore,

2

we affirm the dismissal of Moore's Eighth Amendment claim and reverse and remand to the magistrate judge for further proceedings on Moore's remaining claims.

**BACKGROUND**

In 1996, Moore alleges that Barbara Carwell, a prison officer, subjected Moore to strip and body cavity searches in the presence and under the direction of prison officers Dwayne Dewberry, Jeffrey Richardson and James Carve. Moore asserts that there were no emergency circumstances justifying the searches and that male guards were available to conduct the searches. He argues that the sole purpose of the searches was to harass and intimidate him.

Moore contends that the searches violated his First Amendment right to free exercise of religion because he is a Baptist. He argues that the Baptist faith requires modesty and prohibits him from being viewed naked by a female other than his wife. Moore also argues that the searches violated his limited Fourth Amendment right as a prisoner to be free from unreasonable searches and seizures and that the magistrate erred by failing to weigh his expectation of privacy against the government's interests. Finally, Moore asserts that the searches constituted cruel and unusual punishment in violation of the Eighth Amendment.

Before the magistrate judge's ruling, Moore filed a Request To Amend his complaint adding two Defendants to the lawsuit and adding a request for injunctive relief. The magistrate judge construed

3

this as a Motion to Alter or Amend the Judgement under Fed. R. Civ. P. Rule 59 and denied his request.  Plaintiff appeals.

**DISCUSSION**

The magistrate judge dismissed Moore's claims as frivolous under 28 U.S.C.A. § 1915(e)(2)(B)(I) & (ii) (West Supp. 1999). "The Prison Litigation Reform Act (PRLA) amended § 1915 to require the district court to dismiss a prisoner's in forma pauperis (IFP) civil rights suit if the court determines that the action is frivolous or malicious or does not state a claim upon which relief may be granted." Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).  We review dismissal under § 1915 de novo, applying the same standard used to review a dismissal pursuant to Fed. R. Civ. P. Rule 12(b)(6).  See id.  In determining whether dismissal was proper, we must assume that all of the plaintiff's factual allegations are true.  See Ashe v. Corley, 992 F.2d 540, 544 (5th Cir. 1993).  We may uphold the magistrate judge's dismissal of Moore's claims "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations."  McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 160 (5th Cir. 1995).

The magistrate judge  relied on Collins v. Scott, 961 F.Supp. 1009, 1016 (E.D. Tex. 1997), holding that Moore's First Amendment claim was frivolous.  Collins was decided under the standard outlined in the RFRA.  The district court ruled one day after the

4

Supreme Court held in <u>City of Boerne v. Flores</u>, 521 U.S. 507 (1997) that RFRA was unconstitutional as to the states. As a result, we remand Moore's First Amendment claim to the magistrate judge for review under the standard set forth in <u>Employment Div., Dept. of Human Resources of Oregon v. Smith</u>, 494 U.S. 872 (1990)(holding that neutral, generally applicable laws may be applied to religious practices even when not supported by a compelling governmental interest).[1]

The magistrate judge dismissed Moore's Fourth Amendment claim holding that the Defendants were entitled to qualified immunity because the constitutionality of the searches was clearly established under <u>Letcher v. Turner</u>, 968 F.2d 508 (5th Cir. 1992). In <u>Letcher</u>, we held that the mere *presence* of female officers during a strip search of prisoners during *emergency circumstances* did not violate the Fourth Amendment. <u>See</u> <u>id.</u> at 510 (emphasis added). Assuming, without deciding, that the magistrate judge could raise the Defendants' qualified immunity defense sua sponte, we hold that the constitutionality of the searches of Appellant was not clearly established at that time. The facts are markedly different than in <u>Letcher</u>.

"A prisoner's rights are diminished by the needs and exigencies of the institution in which he is incarcerated. He thus

---

[1]We remand rather than apply the <u>Smith</u> standard ourselves because the record does not contain sufficient information for the appropriate analysis.

loses those rights that are necessarily sacrificed to legitimate penological needs." Elliott v. Lynn, 38 F.3d 188, 190-91 (5th Cir. 1994). However, "searches and seizures conducted of prisoners must be reasonable under all the facts and circumstances in which they are performed." United States v. Lilly, 576 F.2d 1240, 1244 (5th Cir. 1978). We must balance the need for the particular search against the invasion of the prisoner's personal rights caused by the search. See Elliott, 38 F.3d at 191 (citing Bell v. Wolfish, 441 U.S. 520, 558 (1979)). We must consider the "scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Bell, 441 U.S. at 559.

Moore alleges that Barbara Carwell conducted these searches despite the absence of emergency or extraordinary circumstances. Additionally, Moore contends that the male Defendants were present during the search, suggesting that male officers were available to conduct the searches. Assuming Moore's allegations are true, we hold that this claim is not frivolous because the facts he alleges could entitle him to relief for a Fourth Amendment violation.

The magistrate judge did not rule on Moore's claim that the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. While in Elliott Judge Garwood argued eloquently that the Eighth Amendment should govern the searches of prisoners, the majority relied on Lilly holding that the Fourth Amendment provides the correct analysis. See Elliott,

6

38 F.3d at 191 n.3 ("Thus, <u>Lilly</u> is still the law of this circuit concerning the Fourth Amendment's application to visual body cavity searches in the prison setting.") As a result, we affirm the magistrate judge's dismissal of Moore's Eighth Amendment claim.

**CONCLUSION**

For the above reasons, we affirm in part and reverse and remand in part to the trial court for further proceedings consistent with this opinion.

**AFFIRMED** in part**;** **REVERSED** AND **REMANDED** in part.