IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20980
Summary Calendar
_____

WENEN JOHNSON,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION;
J.N. BARRATT; V.M. PORTER; EATON,
Nurse; WHITE, Nurse,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-3779
--------------------
June 19, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Wenen Johnson, Texas state prisoner # 578302, argues that the district court erred in dismissing his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief can be granted in light of his allegations that he was denied adequate medical care by the prison medical staff and administrators. Johnson argues that his hand was permanently injured as a result

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the medical staff's failure to provide him with adequate medical treatment after he underwent surgery on his hand for carpal tunnel syndrome. He further argues that the district court erred in making credibility findings based on evidence presented at the Spears[**] hearing.

Review of the district court's judgment dismissing an action for failure to state a claim is de novo. See Moore v. Carwell, 168 F.3d 234, 236 (5th Cir. 1999). All of the plaintiff's factual allegations are accepted as true, and a dismissal will be upheld only if it "appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Id.

Prison officials violate the constitutional proscription against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, which reflects an unnecessary and wanton infliction of pain. Wilson v. Seiter, 501 U.S. 294, 297 (1991). A prisoner's mere disagreement with the medical treatment given does not rise to the level of a constitutional violation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Johnson has not shown that the district court erred in dismissing his complaint for failure to state a claim upon which relief may be granted. Johnson was allowed to develop his allegations in responses to interrogatories and by testifying at the Spears hearing. The medical records, which were admitted into evidence as business records, support Johnson's factual

---

[**] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

allegations concerning his pain and suffering and the objective symptoms that he was experiencing after his surgery.  The records confirm Johnson's allegation that his left hand became swollen after he underwent surgery.

However, Johnson's hospital medical records, which were not prepared by the defendant prison medical personnel, also show that objective testing established that there was no infection in Johnson's hand following his surgery.  Although he was being treated at the hospital, the records reflect that Johnson continued to experience symptoms of swelling, tremor, and numbness, symptoms which the hospital physician attributed to probable Reflex Sympathetic Disorder, a potential complication following surgery for carpal tunnel syndrome.  Johnson assertion that his problems were caused by an infection was merely his uneducated and erroneous opinion.

Because there was undisputed objective medical evidence that his hand was not infected, Johnson's conclusional allegation, that he developed an infection as a result of improper treatment by the prison medical staff, failed to state a claim that the defendants acted with deliberate indifference to Johnson's medical condition.

Further, Johnson has not disputed that the medical records reflect that he received continual medical treatment to correct the problems developing after his surgery.  Johnson's mere disagreement with the type and adequacy of the treatment provided, even if the treatment given involved some degree of negligence or medical malpractice, does not state a

constitutional claim based on deliberate indifference.  Varnado, 920 F.2d at 321.  The district court did not err in dismissing the complaint for failure to state a claim upon which relief can be granted.

By failing to brief his claims made in the district court regarding retaliation, the denial of his grievances, and other claims of deliberate indifference to his medical needs unrelated to the post-surgical treatment of his hand, Johnson has abandoned those claims.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Johnson's motion for appointment of counsel is DENIED.

AFFIRMED.