**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 00-20986
Summary Calendar

ARTURO EDELMIOR FLORES

Plaintiff-Appellant,

VERSUS

DOUGLAS DRETKE; ET AL

Defendants,

BENNIE, Correctional Officer III;
AGUILAR, Captain; RALPH BENNETT

Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(No. H-98-CV-2151)

November 14, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Arturo E. Flores appeals the district court's dismissal of his suit under 42 U.S.C. § 1983, an action alleging violations of his Eighth Amendment right to be free from

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cruel and unusual punishment.  The district court found that Flores had failed to show that he was injured by the rough handling he received by Defendants and for that reason determined that Flores's complaint did not state a claim for relief.  We disagree with this determination and reverse and remand for further proceedings.

In brief, Flores in late 1997 fell from a truck while loading sacks of cotton seed, the fall apparently causing him to lose consciousness.  Flores complains that he was kicked and abused by a corrections officer, Ralph Bennett, while on the ground following the fall and that a kick from the officer severely injured his right eye.  Bennett called medical personnel and an unnamed field supervisor to Flores's aid, but Flores contends that they also abused him.  Following his return to prison, Flores contends that he was assigned to administrative segregation when he refused to sign paper representing that his fall was caused by another inmate.  This suit was initiated almost a year later.  The district court heard testimony on Flores's claims in late 2000 and thereafter announced that an order of dismissal would be forthcoming.  Flores made a timely appeal.

The district court was not clear about the provision under which it was dismissing Flores's suit.  But under either of the then-applicable rules--28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P.

12(b)(6)--we review a district court's dismissal de novo.  *See Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999).  Whether there was excessive force in violation of the Eighth Amendment depends on if the force was used in a "good-faith effort to maintain or restore discipline" or instead was merely gratuitous.  *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  An inmate need not show serious injury to make out a claim for excessive force, but any injury suffered must be more than de minimus.  *See Gomez v. Chandler*, 163 F.3d 921, 923 (5th Cir. 1999).  In his amended complaint, Flores contends that while semiconscious and unable to move Bennett kicked him in the head, causing damage to Flores's eye, which required several months' medical treatment.  Such force cannot be part of any appropriate effort to maintain discipline, so we must conclude that Flores had sufficiently alleged a constitutional violation.  The same holds for Flores's allegations against an unnamed field supervisor and the attending medical personnel.  Flores states that those persons also kicked him and that they dragged him to the ambulance, further exacerbating Flores's injuries.  That he does not allege that he sustained a serious injury at those individuals' hands is not fatal to Flores's excessive force claim.

The district court correctly dismissed Flores's other claims, however.  Being placed in administrative segregation cannot give rise to a cognizable constitutional injury.  *See*

*Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).  And we agree with the district court's refusal to appoint counsel, this case being straightforward and Flores having managed to represent himself up to this point.  *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.