IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40766
Summary Calendar
_____

RICKY TARRANT,

Plaintiff-Appellant,

versus

ARTHUR H. VELASQUEZ, Warden;
WINSTON YOUNG, Major,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-146
--------------------
November 30, 2001
Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Ricky Tarrant, Texas prisoner # 569469, challenges the lower court's dismissal of his pro se civil rights lawsuit, pursuant to 42 U.S.C. § 1983, as frivolous or, alternatively, for failure to state a claim, pursuant to 28 U.S.C. § 1915A. Tarrant renews his claim that the appellees failed to protect him from a July 5, 2000, assault at the hands of a member of a prison gang. He contends that Warden Velasquez and Major Young were aware of the threat he received from a gang member but were deliberately indifferent to that threat. If his brief is liberally construed,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tarrant argues that the magistrate judge erred in determining that his complaints were vague and insufficient to place the prison officials on notice of a real threat of harm.  He urges that the succession of letters he wrote and personal complaints he made gave the prison officials good reason to believe he would be assaulted and needed protection, and he contends that he was not required to prove that he was in danger to a moral certainty nor was he required to wait until he was actually assaulted to prove his need for protection.

A prisoner's § 1983 complaint may be dismissed prior to service on the defendants if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b).  A complaint is frivolous "if it lacks an arguable basis in law or fact."  Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).  This court reviews dismissals as frivolous for an abuse of discretion.  See id.  A dismissal for failure to state a claim upon which relief may be granted is reviewed de novo.  See Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998).  All of the plaintiff's factual allegations in his complaint are accepted as true, and the dismissal will be upheld only if it "`appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.'"  Moore v. Carwell, 168 F.3d 234, 236 (5th Cir. 1999)(citation omitted).

Tarrant alleged that he informed both Warden Velasquez and Major Young that he had received a specific threat of harm from an unidentified member of the prison gang.  He also submitted a letter from a fellow inmate who observed the gang member making

that threat.  Tarrant explained that the threat was credible because he had previously been threatened and beaten by a member of the prison gang.  Tarrant alleged that despite his repeated requests for protection, the defendants did nothing to ensure his safety or to investigate the threat.  He thus alleged that there was a substantial risk of excessive harm to his safety, that Warden Velasquez and Major Young were aware of the risk, and that they knowingly disregarded that risk by failing to investigate the threat or place him in protective custody.  The allegations of his complaint were neither factually nor legally frivolous, nor did they fail to state a claim under the Eighth Amendment.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999); Moore, 168 F.3d at 236; Talib, 138 F.3d at 213.

Tarrant is correct that he was not required to wait to be assaulted before obtaining relief or demonstrating the viability of the threat against him.  See Farmer, 511 U.S. at 845.  Although the magistrate judge found that his allegations regarding the threat made by an unidentified gang member were too vague to put the defendants on notice, there is no requirement that prison officials be aware of the exact identity of the prospective assailant before Eighth Amendment protections attach.  See id. at 849 n.10.  The Eighth Amendment requires only that officials be aware of facts from which an inference could be drawn that a substantial risk of harm exists and that they draw that inference.  Id. at 837.  Tarrant's allegation that he had suffered continual problems with the prison gang, as well as his

letters and complaints to both Warden Velasquez and Major Young, were specific enough to meet this standard.  Whether the facts will ultimately prove only negligence rather than deliberate indifference is not a question to be answered at this stage of the proceedings.  See 28 U.S.C. § 1915A.  Accepting all of Tarrant's allegations as true, we hold that he has stated a claim under the Eighth Amendment.

Dismissal of Tarrant's complaint under 28 U.S.C. § 1915A was thus error.  Accordingly, the judgment of dismissal is VACATED, and the case is REMANDED for further proceedings.

Tarrant has also filed a "Motion to Overturn District Court's Decision and to Issue a[n] Injunctive Order Placing Plaintiff in Protective Custody."  Tarrant seeks to be placed in protective custody at the Stiles Unit, where he is now incarcerated, renewing his assertion that the prison gang plans to kill him and that he is in constant fear for his life.  The motion is DENIED because the appellees do not have custody over Tarrant and could not grant the requested relief.

VACATED AND REMANDED; MOTION DENIED.