IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-50324
Summary Calendar
_____

SANDIE JOHNSON; ET AL,

Plaintiffs,

SANDIE JOHNSON,

Plaintiff-Appellant,

versus

WAYNE SCOTT; ET AL,

Defendants,

WAYNE SCOTT; PAMELA
WILLIAMS; WARDEN;
SYLVIA NANCE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CV-308
_____

January 23, 2002
Before POLITZ, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sandie Johnson, Texas state prisoner #680881, appeals the district court's dismissal of her 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief can be granted. She contends that Wayne Scott, the Director of the Texas Department of Criminal Justice (TDCJ), and Pamela Williams and Sylvia Nance, the Warden, and the Assistant Warden at the Hobby Unit of TDCJ, acted with deliberate indifference to her health and well being by failing to respond to her complaints of mistreatment by prison officers or by implementing policies that were detrimental to Johnson's health and safety.

This court reviews a dismissal under § 1915(e)(2)(B)(ii) (failure to state a claim) de novo, applying the same standard used to review a dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). This court accepts as true all the allegations of the complaint, considering them in the light most favorable to the plaintiff. Ashe v. Corley, 992 F.2d 540, 544 (5th Cir. 1993). A dismissal for failure to state a claim may be upheld "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Moore v. Carwell, 168 F.3d 234, 236 (5th Cir. 1999)(internal quotation and citation omitted).

Supervisory officials may be held liable for the conduct of a subordinate only if they "affirmatively participate in acts that cause constitutional deprivation" or "implement unconstitutional policies that causally result in plaintiff's injury." Baker v. Putnal, 75 F.3d 190, 199 (5th Cir. 1996).

A review of Johnson's entire complaint does not reveal any allegations of Director Wayne Scott's personal involvement in the alleged violations of Johnson's constitutional rights. Thus, the district court's dismissal of the complaint against Scott for failure to state a claim is AFFIRMED.

"Searches and seizures conducted on prisoners must be reasonable under all the facts and circumstances in which they are performed." Elliott v. Lynn, 38 F.3d 188, 191 (5th Cir. 1994) (internal quotations and citations omitted). There must be a balance between the legitimate penological need for the search and the invasion of privacy rights caused by the search. Moore, 168 F.3d at 237. Consideration must be given to "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. Id. (internal quotations and citations omitted). "Under appropriate circumstances, visual body cavity searches of prisoners can be constitutionally reasonable." Elliot, 38 F.3d at 191. (emphasis added).

Johnson's complaint reflects that the body cavity searches were performed every time Johnson had non-contact visits and that the searches were conducted in an insensitive and humiliating manner. The complaint also reflects that strips searches were conducted outside in view of male officers working in the area and delivery persons making deliveries to the prison. The complaint does not reflect whether there was a legitimate penological reason for conducting these searches in such an intrusive and embarrassing manner. Accepting as true Johnson's allegations that the warden and assistant warden were aware of the manner in which the

searches were being conducted and that the searches served no legitimate security purpose, Johnson has stated a claim that Williams and Nance either acted with deliberate indifference to the unreasonable searches or implemented or condoned a custom or policy of unreasonable body cavity searches.

Johnson's allegations that the warden and the assistant warden acted with deliberate indifference to her complaints of sexual harassment by male prison officers state an Eighth Amendment claim that Williams and Nance implemented a policy that was detrimental to Johnson's safety and well being or acted with deliberate indifference to her well being by taking no action to curtail the sexual harassment and assaults. See Downey v. Denton County, Tex., 119 F.3d 381, 385 & n.6, 386 (5th Cir. 1997). The district court erred in dismissing this claim for failure to state a constitutional violation.

Johnson's allegations that the defendants have a policy of not permitting inmates who are on cell restriction to attend weekly religious services state an arguable First Amendment claim if Johnson is afforded no other opportunity by prison officials to exercise her religious freedom. See Beck v. Lynaugh, 842 F.2d 759, 761 (5th Cir. 1988). Thus, the district court erred in dismissing the claim without obtaining further evidence concerning the policy.

Johnson's allegations with respect to the denial of medical care merely reflect her disagreement with the treatment ordered by the medical staff and do not support a claim that she was treated with deliberate indifference by the medical staff or the defendant wardens. See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752,

756 (5th Cir. 2001). Thus, the district court did not err in dismissing Johnson's claim that she was denied medical care for failure to state a claim.

Johnson's allegations that she was forced to perform a job by prison personnel that included duties that she was medically restricted from performing states an arguable claim of deliberate indifference to her safety if the defendant wardens knew or should have known that Johnson had been assigned to a job that she was not physically able to perform without incurring further injury. See Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989). Because Johnson's allegations reflect that the defendants acted with deliberate indifference to Johnson's health in making her job assignment, the district court erred in dismissing this claim for failure to state a claim at this stage of the proceeding.

Johnson alleged that her sleep was interrupted while she was housed at the Hobby Unit because the lights in the cell area are turned on by prison personnel intermittently during the night to count the prisoners and to allow inmates with early work shifts to get ready for work. Her allegations do not reflect that she suffered any serious physical or psychological injury as a result of this routine or that she was deprived of a basic necessity of life. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Thus, the district court did not err in determining that the allegations of sleep deprivation failed to state an Eighth Amendment.

Johnson's allegations do not support a retaliation claim based on her being denied access to the courts because she failed to allege any prejudice in a legal

proceeding resulting from a delay in receiving her mail, legal materials, or legal assistance.  See Lewis v. Casey, 518 U.S. 343, 351 (1996).

Johnson's allegations that the defendants transferred her to different units, delayed her receipt of personal property, and refused to protect her from other inmates do not support a retaliation claim because these allegations are conclusional and do not state a chronology of events from which the alleged retaliatory motive for the action could be inferred.  Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).  The district court did not err in dismissing the claim for retaliation based on failure to state a claim.

The district court's dismissal of the complaint against TDCJ Director Wayne Scott is AFFIRMED.  The district court's dismissal of Johnson's claims that the defendants Nance and Williams acted with deliberate indifference to Johnson's complaints that she was denied adequate medical care, sleep-deprived by the intermittent lighting of the cells during the night, and that she was subject to retaliation for filing the instant complaint is AFFIRMED.

The dismissal of the claims that Wardens Nance and Williams implemented or condoned polices or acted with deliberate indifference to Johnson's complaints of unreasonable body-cavity and strip searches, sexual harassment, inability to exercise her religion, and assignment to a job contradicted by her medical restrictions is VACATED, and the case is REMANDED for further consideration of those claims.

Johnson's motion for the appointment of counsel is DENIED.
See Ulmer v. Chancellor, 691 F.2d 209, 212-12 (5th Cir. 1982).

AFFIRMED IN PART; VACATED IN PART AND REMANDED;
MOTION DENIED.