**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40931
Summary Calendar
_____

LARRY WILLIAMS,

Plaintiff-Appellant,

versus

CAL WOOTEN, Warden; ET AL.,

Defendants,

DICKERSON; S. JONES,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:01-CV-290
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Larry Williams, a Texas prisoner (# 648392), appeals the district court's order dismissing his _pro se_ 42 U.S.C. § 1983 civil rights action as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In his complaint, Williams alleged that, upon his transfer to the Ramsey II Unit ("Ramsey") in September 1998, defendant, Classification Manager Dickerson, assigned him to work on a field squad, although the duties involved in such work exceeded the work

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

restrictions that had been issued for Williams upon his entry into the prison system. Williams asserted that both Dickerson and Field Officer Jones were aware of such restrictions and also knew that his health summary reflected that he had a prior leg injury and surgery and that a surgical pin and rod remained in place in his knee and thigh. He also suffers from emphysema. Williams appeared to state that, in November 1998, the defendants acceded to the "demands" of a physician's assistant that he not be assigned to such work. According to Williams, Dickerson nonetheless returned him to the field work in May 1999, which aggravated the old injury and required him to undergo surgery again in June or July 1999 in order "to avoid an amputation of the entire leg." He stated that the work had caused the rod and pin to protrude into muscle tissue in his thigh, resulting in severe swelling and an infection. Williams alleged that Dickerson and Jones required him to return to the field work even after the 1999 surgery. Williams argued that these actions violated his Eighth Amendment rights to be free from cruel and unusual punishment.

A district court shall dismiss an *in forma pauperis* complaint at any time that the court determines that the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). We review a dismissal as frivolous for abuse of discretion, *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001), assuming that all of the plaintiff's factual allegations are true. *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999). A complaint is "frivolous" if it lacks "an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847.

Prison work requirements that compel inmates to perform physical labor that is beyond their strength, endanger their lives, or cause undue pain also constitute cruel and unusual punishment. *Howard v. King*, 707 F.2d 215, 219 (5th Cir. 1983). "[T]he constitutionality of a particular working condition must be evaluated in the light of the particular medical conditions of the complaining prisoner." *Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989). Work that is not cruel and unusual *per se* may violate the Eighth Amendment if prison officials are aware it will significantly aggravate a prisoner's serious medical condition. *Id*.

The magistrate judge recommended that Williams's complaint be dismissed as frivolous, relying largely on "medical records provided by" Williams. According to the magistrate judge, these records showed that Williams had only a "sore" that was "cleaned and dressed" and a "cyst" that tested positive for a staph infection. These determinations suggest a far less serious medical condition and surgical procedure than those alleged by Williams. The record of the instant appeal, however, contains no medical records from the surgery described by Williams. Williams has

stated that he cannot afford to pay for his medical records or that such records are missing.[1]

In the absence of such records, we must rely on Williams's *pro se* allegations, and we must liberally construe those allegations in his favor. *Moore*, 168 F.3d at 236; *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Those allegations were sufficient to state a cognizable Eighth Amendment claim that the defendants knew that forcing Williams to perform field work exceeded his work restrictions and would worsen his medical conditions. Accordingly, we VACATE and REMAND for further proceedings not inconsistent with this opinion.

The district court concluded that Williams's claims with respect to events in 1998 were barred by the applicable two-year Texas limitations statute for personal-injury actions and that allegations of verbal threats or abuse by Jones were not actionable under 42 U.S.C. § 1983. Williams has effectively abandoned any direct challenge to these conclusions, *see Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993), except to the extent that the defendants' actions in 1998 might relate to their knowledge and intent regarding events in 1999.

VACATED AND REMANDED.

---

[1] We can only speculate that the magistrate judge was referring to medical records that might have been submitted by Williams in another civil rights action, Cause No. 3:00-CV-436, which was dismissed for want of prosecution in November 2000.