United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20499
Summary Calendar

ALLEN F. CALTON,

Plaintiff-Appellant,

versus

FAYE PERRIN, Individual and Official Capacity; GARY AUSMUS,
Individual and Official Capacity; JONAH BRADFORD, Individual and
Official Capacity; MR. KUTA, Individual and Official Capacity;
WILLIAM HUBBARD, Individual and Official Capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-209
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Allen F. Calton, Texas prisoner # 1123880, appeals from the
dismissal of his civil rights suit, wherein he alleged that the
defendants violated his right to access the courts by
confiscating his legal property and preventing him from filing a
timely pro se motion for new trial in his state criminal
proceeding. The district court dismissed the complaint as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

frivolous and for failure to state a claim upon which relief could be granted.

A district court may dismiss a prisoner's complaint if the action is frivolous or malicious or fails to state a claim.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  A dismissal for failure to state a claim upon which relief may be granted is reviewed de novo.  Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998).  All of the plaintiff's factual allegations in his complaint are accepted as true, and the dismissal will be upheld only if it "'appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.'"  Moore v. Carwell, 168 F.3d 234, 236 (5th Cir. 1999)(citation omitted).  Although the court will accept as true the plaintiff's factual allegations, it will not accept his conclusional allegations or his legal conclusions.  Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

Calton argues that the district court erroneously dismissed his complaint because he had a valid claim for denial of access to the courts.  He contends that his motion for new trial, which the defendants allegedly prevented him from filing, contained at least two meritorious claims based on new evidence and an alleged violation of Brady v. Maryland, 373 U.S. 83 (1963).

Prisoners generally have a constitutional right of access to courts.  Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999).  However, this right applies only to the opportunity to file

nonfrivolous challenges to convictions or conditions of confinement.  Lewis v. Casey, 518 U.S. 343, 355 (1996); Johnson v. Rodriquez, 110 F.3d 299, 310-11 (5th Cir. 1997).  To state a claim for denial of access to the courts, a prisoner must establish an actual injury stemming from the defendants' unconstitutional conduct.  Lewis, 518 U.S. at 351-52.  We conclude from our de novo review of the record that Calton has failed to demonstrate an actual injury from the defendants' alleged conduct because the record does not show that he was prevented from raising a nonfrivolous claim.  See id.; see also Christopher v. Harbury, 536 U.S. 403, 415 (2002).

AFFIRMED.