**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 13, 2009

Charles R. Fulbruge III
Clerk

No. 07-60045

JOSEPH TAYLOR

Plaintiff - Appellant

v.

VICKY, Nurse; NORMA EVANS, Director of Nursing, Unit 42; DR. JOHN
BEARRY, Medical Director, Unit 42; LAWRENCE KELLY, Superintendent;
CHRISTOPHER EPPS, Commissioner; WILLIE ELLIS, Lieutenant,
Correctional Supervisor, also known as "Unknown Harris"

Defendants - Appellees

DAVID JOHNSON, Correctional Officer IV, also known as John Doe; SUE
RADINGER, Nurse, also known as Jane Doe

Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:06-CV-81

Before DAVIS, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Joseph Taylor, a state inmate currently confined in the South Mississippi Correctional Institute in Leakesville, Mississippi, appeals the dismissal of his pro se § 1983[2] complaint under § 1915[3] for failure to state a claim. Plaintiff-appellant Taylor argues that his petition alleges a cause of action against defendants-appellees Nurse Jane Doe (Sue Radinger), John Doe #1, and Lt. Harris (Lt. Willie Ellis), for their deliberate indifference to his serious medical need, thereby violating the Eighth Amendment's prohibition of cruel and unusual punishment.[4] Taylor also argues that the district court erred in dismissing his suit for failure to state a claim without first hearing testimony from his witnesses at the *Spears* hearing.[5]  Taylor lodged a timely appeal of the district court's dismissal of his suit. For the following reasons we reverse in part, affirm in part, and remand.

## I

The complaint alleges that at approximately 11:30 a.m. on July 30, 2005, while housed at the Mississippi State Penitentiary in Parchman, Mississippi, guards accidentally closed a cell door on Taylor's left index finger, partially severing his finger 1 ½ inches from the tip.  Taylor states that guards immediately contacted the prison hospital and informed the medical staff "that [Taylor's] finger was partially torn off and bleeding profusely."  Nurse Vicky Doe arranged for an ambulance to be sent to the prison and Taylor was transferred to a holding cell at approximately noon to await arrival of the ambulance.  Taylor

---

[2] 42 U.S.C. § 1983.

[3] 28 U.S.C. § 1915(e)(2).

[4] Taylor makes no argument on appeal regarding the liability of Nurse Vicky Doe, Medical Director Dr. John Berry, Superintendent Lawrence Kelly, Commissioner Christopher Epps, Norma Evans, and John Doe #2 (CO IV David Johnson). Taylor therefore abandons his claims against these defendants.

[5] *See Spears v. O.L. McCotter*, 766 F.2d 179 (5th Cir. 1985).

states that Nurse Vicky Doe told the guards the ambulance would arrive in five minutes.

After waiting for some time in the holding cell, Taylor complained to the guards that he was in severe pain and was bleeding profusely. Other inmates in the holding cell repeatedly banged on the bars of the cell to alert officers to Taylor's medical condition. An officer in the control room, John Doe # 1, ignored the inmates' protestations and refused to check on Taylor. Subsequently, when Lt. Ellis conducted a count, Taylor repeated his pleas for medical attention and asked Lt. Ellis to check the status of the ambulance. Lt. Ellis, however, informed Taylor that re-contacting the prison hospital was unnecessary because the ambulance was en route to the prison.

Approximately one hour after Lt. Ellis conducted his count, a guard informed Taylor that Nurse Radinger cancelled the ambulance Nurse Vicky Doe previously ordered, and that Radinger would treat him when she made her rounds to carry out her "chronic care" duties. According to Taylor, although Radinger was aware of the severity of his injury, she cancelled the ambulance because she wanted to finish performing her routine duties at a different unit and did not want to be held up at the prison hospital treating Taylor.

After completing her "chronic care" duties at the other unit, Radinger arrived at the holding cell more than three hours after Taylor's injury. Upon her examination of Taylor, Radinger immediately realized that Taylor's injury was very serious and had him transported to the prison hospital. One hour after arriving at the prison hospital, a doctor examined Taylor and arranged to have him transported to a local hospital for additional care.

Taylor was taken to the local hospital around 6:00 p.m. There, another doctor treated Taylor and informed him that he would need surgery the following morning. The doctor informed Taylor, however, that the tip of his finger could not be saved because more than six hours had passed since the accident.

At the *Spears* hearing, Taylor restated the facts substantially the same as the facts set forth in his complaint. The defendants presented a witness, Dr. Lehman, who stated that he doubted the prison officials' delay in treating Taylor's injury prevented doctors from reattaching his finger. However, Dr. Lehman stated that he had not examined Taylor or reviewed his medical record. Dr. Lehman also admitted he could not form a good opinion without reviewing Taylor's full medical record. No medical record was presented.

We review dismissal for failure to state a claim under § 1915 de novo, applying the same standard of review applicable to dismissals made pursuant to Fed. R. Civ. P. 12(b)(6). *See Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1985). The plaintiff's factual allegations are accepted as true, and we will uphold the dismissal only if it "appears that no relief could be granted under any set of facts that could be proven consistent with allegations." *Id.*

## II

Taylor first argues that the district court erred in holding that he failed to state a claim for relief against Sue Radinger, John Doe # 1, and Lt. Willie Ellis. Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, which amounts to an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A prison official shows deliberate indifference if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Taylor concedes that Nurse Radinger promptly had him transferred to the prison hospital after she examined him. However, medical treatment alone does

not categorically preclude a finding of deliberate indifference. Taylor alleges guards immediately reported the injury and its severity to Nurse Vicky Doe, and based on this report, Nurse Vicky promptly concluded that his injury demanded immediate attention and dispatched an ambulance to the prison. According to Taylor, Nurse Vicky Doe relayed this report to Nurse Radinger. However, Radinger cancelled the order for the ambulance and delayed examining him and securing emergency treatment for up to three hours to avoid interrupting the performance of her routine, non-emergency duties.

Taylor also alleges that Nurse Radinger's delay in securing emergency care for him prevented medical personnel from reattaching the severed portion of his finger. Dr. Lehman's testimony at the *Spears* hearing is not helpful because he formed his conclusion without examining Taylor or his medical records or providing any other basis for his opinion. Therefore, Taylor has sufficiently alleged that Radinger knew of his serious medical need and consciously disregarded it, resulting in serious harm, i.e., the loss of a portion of his finger. Accordingly, Taylor's claim against Radinger states a cause of action sufficient to avoid dismissal under § 1915.

Taylor's complaint, however, fails to allege facts sufficient to state a claim for deliberate indifference against John Doe # 1 and Lt. Ellis. The record indicates that John Doe # 1 and Lt. Ellis knew that guards had previously reported Taylor's injury to medical staff and an ambulance was en route to the prison. Although John Doe # 1 and Lt. Ellis saw Taylor's injury and were aware of its severity, they were not deliberately indifferent by assuming that the prison medical staff would manage Taylor's care.

## III

Taylor also argues that the district court erred by not allowing him to present witnesses to testify about their knowledge of his claim at the *Spears*

5

hearing. His argument is misdirected, however, because a district court is not required to allow the plaintiff to present witnesses, cross-examine witnesses, or present evidence at a *Spears* hearing. *See Wesson v. Oglesby*, 776 F.2d, 278, 281 (5th Cir. 1990). A *Spears* hearing is not designed to be a discovery tool or a trial on the merits, but is rather akin to a motion for a more definite statement. *Spears*, 766 F.2d at 182. Accordingly, Taylor has not shown the district court committed any error in dismissing his complaint without hearing testimony from his witnesses at the *Spears* hearing.

**IV**

For the reasons stated above, the judgment of the district court dismissing the complaint against Nurse Radinger is REVERSED. The judgment dismissing the complaints against all other defendants is AFFIRMED, and the case is REMANDED to the district court for further proceedings consistent with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.