# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 1, 2011

Lyle W. Cayce
Clerk

No. 10-20385
Summary Calendar

JAMES MARTIN CABEEN, also known as Robert Buckley

Plaintiff - Appellant

v.

TOMMY THOMAS, Sheriff Harris County Sheriff's Department; BERRY, Major;
J. ALBERS, Captain; DEWEY, Lieutenant; LYKES, Sergeant; CHONG, Deputy;
TREPEAND, Deputy; COLLINS, Deputy or D.O.; TEMPLE, D.O.; RESPEVD,
D.O.; DR. ALICE BUENCAMINO, DR. HO, Harris County, Jail Medical Unit
Clinic, DR. SEALE; DONNA PARKER; WHITE MALE UNKNOWN, D.O.;
HISPANIC MALE NAME UNKNOWN, D.O.,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-1667

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, James Martin Cabeen, Texas prisoner # 664808, sued pursuant to 42 U.S.C. § 1983, maintaining:  jail or prison officials were deliberately indifferent to his medical needs, used excessive

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

force, provided inadequate supervision, and failed to train staff; and, the jail was overcrowded, unsanitary, understaffed, and lacked access to medical care.

This action was filed on 27 May 2008. Cabeen first contends the district court erred by dismissing his claims predating 27 May 2006, as time barred, because he was entitled to equitable tolling while hospitalized from 8 February 2007 until 14 April 2008.

The dismissal of Cabeen's action, pursuant to both 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), is reviewed *de novo*. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (reviewing dismissals under § 1915(i) and (ii) *de novo*, the same standard used to review dismissal under Federal Rule of Civil Procedure 12(b)(6)). In a § 1983 action, applied are the forum state's personal-injury limitations period, *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998), as well as its equitable-tolling provisions, *Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008). In Texas, the personal-injury period is two years; that period is tolled for legally disabled individuals who, at the time the action accrues, are of "unsound mind" or "younger than 18 years of age". TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.003(a), 16.001(a),(b).

In regard to tolling, Cabeen asserts he was *medically* incapacitated during his hospitalization, not *mentally* incapacitated or of unsound mind. Even if Cabeen could show he was of unsound mind during his hospitalization, his disability arose after the limitations period accrued, and does not toll the period for claims predating 27 May 2006. *See id.* at § 16.001(d). Cabeen has failed to produce Texas authority applying tolling principles in his circumstances. *E.g.*, *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (forgoing discussion of state tolling principles in § 1983 action where prisoner failed to bring to court's attention similar state cases in which equitable tolling had been applied); *cf. Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998) (applying Texas equitable tolling principles in § 1983 action brought by Texas prisoner). Because the complaint

No. 10-20385

was filed on 27 May 2008, and the limitations period was not tolled, the court did not err in determining Cabeen's claims predating 27 May 2006 were time barred.

The court also did not err in dismissing Cabeen's following, non-time-barred claims. Along that line, he contends jail officials were deliberately indifferent to his medical needs by not taking him to his neurological appointments. To establish deliberate indifference in the Eighth Amendment context, an inmate must show defendants: were aware of facts from which an inference of an excessive risk to an inmate's health or safety could be drawn; and, made such inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Accordingly, a jail official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it". *Id*. at 847. Cabeen fails to allege his eyesight deteriorated because of missed appointments and, therefore, has not shown these appointments constituted a "substantial risk of serious harm". *Id*.

Cabeen also contends he suffered a seizure due to contraindicated medications. He does not assert, however, defendants knew it was inadvisable for him to take the medications. Accordingly, he has failed to show defendants were aware the medications posed a risk to his health and safety. *See id*. at 837.

In addition, Cabeen maintains jail officials verbally harassed him; however, verbal abuse, threatening language, and gestures do not constitute a constitutional violation. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993). Similarly, Cabeen's assertion that he was strip searched by a jail official is unavailing because he does not claim a constitutional violation.

AFFIRMED.

3