# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30828
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2014

Lyle W. Cayce
Clerk

EDMUND SCHEIDEL,

Plaintiff-Appellant

v.

SECRETARY OF PUBLIC SAFETY AND CORRECTIONS; WINN CORRECTIONAL CENTER; CORRECTION CORPORATION OF AMERICA; JACK GARNER, TIMOTHY WILKINSON; JAY TIM MORGAN; MRS. MELTON; MR. SAWYER; MR. JOHNSON; SERGEANT FLOWERS; MR. MAC; VIRGIL LUCAS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-1815

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Edmund Scheidel, Louisiana prisoner # 224366, appeals the dismissal of his 42 U.S.C. § 1983 complaint in which he contended that he was forced to undergo strip and visual body cavity searches without reasonable justification

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30828

in violation of the Fourth Amendment.  He also alleged that the searches violated the Eighth Amendment and were contrary to prison policies and regulations.  The district court dismissed the complaint for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2)(B), and, thus, our review is de novo under the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

The district court's dismissal of Scheidel's Fourth Amendment claim was improper.  Under the Fourth Amendment, searches or seizures conducted on prisoners must be reasonable under all the facts and circumstances in which they are performed.  *Moore v. Carwell*, 168 F.3d 234, 236-37 (5th Cir. 1999).  In analyzing whether the searches were reasonable, the district court was required to balance the need for the searches against the invasion of personal rights that the searches entailed by considering the scope of the intrusions, the manner in which they were conducted, the justification for them, and the places in which they were conducted.  *See Watt v. City of Richardson Police Dep't*, 849 F.2d 195, 196-97 (5th Cir. 1988).  Accepting Scheidel's allegations as true, as we must, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), we find in the record no justification, penological or otherwise, for the searches in this case.  Dismissal for failure to state a claim was premature because the facts that Scheidel alleges could entitle him to relief for a Fourth Amendment violation.  *See Moore*, 168 F.3d at 236-37.  Thus, we vacate the dismissal for failure to state a claim of Scheidel's Fourth Amendment challenge to the strip and body cavity searches and remand the case for further proceedings.

Scheidel's challenge to the searches on the basis of the Eighth Amendment did not state a claim for relief.  *See id*. at 237.  We do not analyze a prisoner's claim that a search invaded his privacy under the Eighth

No. 13-30828

Amendment, but rather review such claims under the Fourth Amendment. *See id.* at 237. His contention that the searches violated prison policies and regulations likewise did not state a claim for relief because violations of prison rules do not alone rise to the level of constitutional violations and, therefore, such claims are not actionable under § 1983. *See Hernandez v. Estelle,* 788 F.2d 1154, 1158 (5th Cir. 1986).

AFFIRMED IN PART, VACATED AND REMANDED IN PART.