# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41452
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2016

Lyle W. Cayce
Clerk

WILBERT C. JOHNSON,

Plaintiff-Appellant

v.

JOHN RUPERT; MAJOR JODY C. HEFNER; DWAYNE E. DEWBERRY; CHRISTOPHER A. HOLMAN; FRANCIS E. SWEENEY; G. LIVELY; RICK THALER; BRAD LIVINGSTON,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CV-446

Before SMITH, BENAVIDES, and HAYNES,[1] Circuit Judges.

PER CURIAM:[*]

Wilbert C. Johnson, Texas prisoner # 613845, appeals the dismissal of his civil rights complaint following the district court's grant of summary judgment. This court reviews a grant of summary judgment de novo, using the same standard as that employed by the district court. *Carnaby v. City of*

---

[1] Judge Haynes concurs in the judgment only.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41452

*Houston*, 636 F.3d 183, 187 (5th Cir. 2011).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

In his complaint, Johnson alleged that he was routinely, unwillingly, and unconstitutionally strip searched and required to "squat and cough" in the presence of female officers and other offenders when going to and from work at the Michael Unit Packing Plant.  The district court granted summary judgment based on qualified immunity given Johnson's failure to show that the searches or the "squat and cough" policy were unconstitutional.

The Supreme Court recognized in *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), that controlling the flow of contraband is a legitimate penological interest.  And in this case, the affidavits submitted by prison officials show that the challenged search policies were aimed at controlling the flow of contraband. Johnson conceded that contraband was being smuggled into the plant, and he offered nothing to rebut prison officials' reasonable justification for the strip searches and the use of the "cough and squat" policy.

Johnson has also failed to show that the practice of conducting the strip searches in the presence of female guards is unconstitutional.  This court has held that no constitutional violation occurs when naked male inmates are viewed by female guards if the presence of the female guards is required to protect a legitimate government interest in maintaining security at the prison. *Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir. 1992).  Johnson has offered nothing to suggest that the female officers were present for any purpose other than to maintain security.

In addition, Johnson has failed to show a constitutional violation based on the presence of other offenders during the searches.  This court has upheld

No. 14-41452

strip searches as constitutional even when they were conducted in public areas in the presence of non-essential personnel. *Elliott v. Lynn*, 38 F.3d 188, 190-92 (5th Cir. 1994).

Johnson also alleges that the strip searches were discriminatory and violated his right to equal protection because only inmates working in the meat packing plant are subjected to strip searches and required to squat and cough. Johnson does not brief any arguments challenging the dismissal of the claim. Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). When an appellant fails to make or brief any arguments challenging the bases for the district court's decisions, he abandons any arguments regarding that ruling. *See Yohey*, 985 F.2d at 224-25; *Brinkmann v. Dallas Cty Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (appellant's failure to identify any error in the district court's analysis is the same as if the appellant had not appealed that judgment).

Finally, Johnson urges this court to consider his claim that the strip search policy violates the Eighth Amendment. However, this circuit does not analyze an inmate's bodily privacy claim under the Eighth Amendment. *See Moore v. Carwell*, 168 F.3d 234, 236-37 (5th Cir. 1999). Rather, the Fourth Amendment provides the proper framework in which to analyze such a claim. *Moore*, 168 F.3d at 237.

In sum, Johnson has failed to show that the challenged search policies violated his constitutional rights. Absent a constitutional violation, the district court correctly found that the defendants were entitled to qualified immunity. *See Stidham*, 418 F.3d at 490. Accordingly, the district court's grant of summary judgment is AFFIRMED.