# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2022

No. 21-10721
Summary Calendar

Lyle W. Cayce
Clerk

Tracey Harris Coomer,

*Plaintiff—Appellant*,

*versus*

Dr. Warner B. Massey, M.D.; Charlana Melton; Dennis Markgraf, *Administrator*; John Doe, *Medical Department*; Jane Doe, *Medical Department*; Benjamin Leeah, M.D.; John Doe, *Central Grievance Office*; Jane Doe, *Central Grievance Office*; John Doe, *Classification*; Jane Doe, *Classification*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CV-165

---

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

1

No. 21-10721

Texas state prisoner Tracey Harris Coomer appeals the district court's sua sponte dismissal of his civil rights action. For the following reasons, we VACATE and REMAND.

Coomer filed this lawsuit under 42 U.S.C. § 1983 against several prison officials at the Texas Department of Criminal Justice, Correctional Institutions Division. Coomer alleges that (1) Dr. Massey assaulted him while he was receiving medical treatment; (2) Dr. Leeah deferred providing him with necessary medical treatment; and (3) other defendants fraudulently covered up these events.

Because Coomer is a prisoner proceeding pro se and in forma pauperis, the district court screened Coomer's complaint under 28 U.S.C. §§ 1915A and 1915(e)(2) to determine whether it was "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." The district court concluded Coomer's claims were barred by the statute of limitations, dismissed the action with prejudice, and denied Coomer's motion for reconsideration. Coomer timely appealed both orders and requested that this court appoint him counsel.

We review the district court's dismissal of Coomer's claims for abuse of discretion. *See Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). A complaint is frivolous if it lacks (1) an arguable basis in law because "it is based on an indisputably meritless legal theory" or (2) an arguable basis in fact "if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quotations omitted). We must assume that a plaintiff's factual allegations are true, *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999), and we recognize that a pro se prisoner is entitled to factually develop his complaint before a proper determination can be made as to whether it is frivolous, *see Eason v. Thaler*, 14 F.3d 8, 9–10 (5th Cir. 1994).

No. 21-10721

With this standard in mind, we conclude that the district court abused its discretion in dismissing Coomer's claims based on the statute of limitations at this stage in the proceedings. In a § 1983 suit, the applicable limitations period is governed by state law, *Owens v. Okure*, 488 U.S. 235, 249–50 (1989), which in Texas is two years, Tex. Civ. Prac. & Rem. Code § 16.003(a). The district court concluded Coomer's claims were barred because he filed his complaint more than two years after the date of the alleged injury. But in doing so, the district court overlooked that Coomer was statutorily required to exhaust his administrative remedies before filing suit, *see* 42 U.S.C. § 1997e, and that the limitations period may be tolled during that period, *see Gartrell v. Gaylor*, 981 F.2d 254, 257–58 (5th Cir. 1993) (per curiam). Because it was not clear from the face of the operative pleadings that Coomer's suit was time barred, the district court abused its discretion in dismissing his complaint.[1]

VACATED and REMANDED. The motion to appoint counsel is DENIED.

---

[1] We also note that the district court failed to consider the "mailbox rule," which states that a pro se prisoner's complaint is deemed to be filed on the date that the prisoner submits the pleading to prison authorities to be mailed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).