# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 9, 2010

Charles R. Fulbruge III
Clerk

No. 09-20431
Summary Calendar

DALE ALLEN HAMER,

Plaintiff - Appellant

v.

WARDEN JAMES JONES; ROBERT TREON, Director; DOOS WALDRON, Assistant Director; DEBORAH HARDMAN, Segregation Officer; FERNATER SMITH, Property Officer; SUSAN RIVAS, Grievance Officer; OFFICER COOK; SECOND OFFICER, Name Unknown,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-2417

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:*

Dale Allen Hamer ("Hamer"), Texas prisoner # 2757273, appeals the district court's dismissal of his pro se, *in forma pauperis* 42 U.S.C. § 1983 complaint alleging invasion of his privacy rights, excessive use of force, and denial of due process in violation of the Fourth, Eighth, and Fourteenth

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20431

Amendments to the United States Constitution, respectively.  The district court dismissed Hamer's case under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.  We AFFIRM IN PART and REVERSE IN PART.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Hamer is presently incarcerated in the CT Terrell Unit of the Texas Department of Criminal Justice Correctional Institutions Division, where he remains in custody.  His complaint in the instant suit arises from allegations regarding a cross-sex strip search, excessive use of force, and theft of property during his confinement.

During a unit-wide lockdown on May 8, 2008, all of the inmates in Hamer's dormitory were ordered to pack their property and report to the Terrell Unit gymnasium for a routine semi-annual shakedown.  When he arrived at the gym, Hamer was ordered to submit to a strip search by two female officers in violation of prison policy, which precludes inmate searches by officers of a different gender.  During or after the strip search,[1] Hamer protested, and Regional Director Robert Treon ordered him to be placed in handcuffs.  He was escorted by two officers to the infirmary for a pre-hearing detention physical in preparation for disciplinary proceedings.  Hamer reports that, while escorting him to the infirmary, Officer Randall Cook was "abusive" towards him and squeezed his arm too tightly.  Hamer contends that, when he complained about Officer Cook's conduct, Officer Cook attacked him.  Hamer claims that Officer Cook and another "John Doe Officer," identified as Officer Derek Dennis, used

---

[1] The record is unclear as to whether Hamer was ever subjected to a strip search.  Most of the record suggests Hamer was never searched by the female guards.  Still, one inmate affidavit, the paragraph of the more definite statement addressing Director Treon, and the appellate briefing all state that Hamer was strip searched by female guards.  For example, the affidavit from a fellow inmate specifically states: "I witnessed offender Hammer [sic] being forced to strip nude in front of a female officer in the main hallway, without the aid of cover from her eyes."  Liberally construing the pleadings and resolving all disputes in Hamer's favor, then, we must assume Hamer was in fact searched by the female guards.  *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)

excessive force to slam Hamer against the wall while holding him by the throat. The officers then forced him onto the floor. Hamer was subsequently charged with a disciplinary violation for creating a disturbance that disrupted unit operations.

As a result of this alleged assault by Officers Cook and Dennis, Hamer was injured and taken to the hospital. Hamer claims that he suffered head and neck injuries. Hamer states in his pleadings that he still suffers from dizziness, blurred vision, blackouts, and pain stemming from the May 8, 2008 incident.

Hamer was eventually convicted of the disciplinary charges that were lodged against him as a result of the May 8, 2008 disturbance. Hamer also alleges that, while he was in segregated confinement, certain items (a fan and a pair of headphones) were stolen from his personal property.

Hamer sued Officer Cook and Officer Dennis for using excessive force against him. Hamer sued Segregation Officer Deborah Hardman, Property Officer Fernater Smith, and Grievance Officer Susan Rivas for stealing his personal property or covering up the "theft" that property. Hamer also sued several supervisory officials, including Terrell Unit Warden James Jones, Regional Director Robert Treon, and Assistant Regional Director Doos Waldron in connection with the cross-sex strip search, use of force, and the theft of his property. Hamer sought compensatory and punitive damages.

The district court sought and received a more definite statement of claim from Hamer and a *Martinez* report[2] from the Texas Attorney General to assist in the court's preliminary Prison Litigation Reform Act review of Hamer's case. After receiving both supplements, the district court dismissed Hamer's

---

[2] This court has adopted the procedure used in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), as a tool by which an administrative record is constructed to assist in assessing prisoner litigation under 28 U.S.C. § 1915. *See Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997). The resulting administrative record is commonly referred to as a "*Martinez* report."

No. 09-20431

complaint with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.  Hamer timely appealed.

## II.  STANDARD OF REVIEW

This case is governed by the Prison Litigation Reform Act (the "PLRA"). Under the PLRA, a prisoner's civil rights complaint should be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).  We review de novo a district court's § 1915A dismissal for failure to state a claim.  *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations must "raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While pro se complaints are held to less stringent standards than complaints drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quotation omitted).

## III.  DISCUSSION

Hamer essentially alleges that the district court made three errors in dismissing his 42 U.S.C. § 1983 suit under 28 U.S.C. § 1915A.  First, he claims that the district court inappropriately determined both that his alleged injuries were *de minimis* and that he failed to allege malicious or sadistic conduct. Second, he claims that he was entitled to an evidentiary hearing because the district court engaged in credibility determinations.  Third, he implicitly challenges the district court's conclusion that he was not subjected to a cross-sex

4

No. 09-20431

strip search violating his Fourth Amendment rights.[3] We address each claim of error in turn.

*A. Excessive Use of Force Analysis*

On appeal, Hamer argues the district court erred in two respects with regard to Hamer's excessive use of force claim. First, Hamer contends that the district court impermissibly required him to show "serious or permanent injury" to state a claim under the Eighth Amendment. Second, Hamer implicitly asserts that the district court erred when it concluded that Hamer failed to allege that Officers Cook and Dennis acted "maliciously and sadistically" as required by *Eason v. Holt*, 73 F.3d 600, 601-602 (5th Cir. 1996) (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

Hamer's first argument is not entirely without merit. While the district court did not demand a showing of "serious or permanent injury" as Hamer suggests, its analysis of Hamer's asserted harms appears to inappropriately rely upon the *Martinez* report to resolve certain contradictions in the record about the full extent of Hamer's injuries. Hamer contends in his pleadings that he suffered injuries to his neck, head, and ear producing lingering effects in the form of dizziness, blurred vision, blackouts, and pain. The *Martinez* report presents compelling evidence that Hamer merely suffered a bruised knee and elbow as well as small cut on the back of his head. The district court's conclusions as to the extent of Hamer's injuries appear to adopt the information in the *Martinez* report, specifically video evidence gathered at the time of the incident, rather than simply accepting Hamer's allegations. We have previously noted that a *Martinez* report may not be used to resolve material disputed facts

---

[3] Hamer makes virtually no argument on appeal regarding the dismissal of his "theft of property" claims. In fact, Hamer only references his theft claim tangentially when he notes that he included a claim for "theft and confiscation of personal property" in his complaint. Accordingly, any appeal as to that claim has been waived. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

when the report is in conflict with the pleadings or affidavits. *See Hendrickson v. Davis*, 172 F. App'x 48, 48 (5th Cir. 2006) (unpublished) (citing *Shabazz v. Askins*, 980 F.2d 1333, 1334-35 (10th Cir. 1992)). Nonetheless, we need not reach this issue. Even if the district court improperly characterized Hamer's injuries, its ultimate ruling assumed *in arguendo* that any injuries Hamer sustained met the Eighth Amendment requirements.

Instead, the district court ultimately ruled on other grounds. Specifically, the district court found that Hamer's allegations did not satisfy the *Hudson v. McMillian*, 503 U.S. 1 (1992), test for excessive use of force claims. In *Hudson*, the Supreme Court held that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7; *see also Eason*, 73 F.3d at 602-603 (stating that a plaintiff must establish that force was maliciously and sadistically applied in order to survive dismissal for failure to state a claim). Here, Hamer has not met his burden. Hamer admits that he complained to the officers while being escorted down the prison hallway and that his complaints triggered the use of force. Moreover, he concedes he received a minor disciplinary infraction citation for his conduct. Hamer does not allege that the officers did more than was necessary to bring him to the floor, i.e., he makes no effort to plead facts showing that the guards' conduct was unnecessary "to maintain or restore discipline."

Finally, his claimed injuries, while arguably more than *de minimis*, do not demonstrate injuries that are the product of the sort of unnecessary force described by *Hudson*. In short, as noted by the district court, Hamer does not dispute that he created a disturbance and that the force used against him was in response to that disturbance. Hamer's own pleadings demonstrate that the force used against him was employed solely for the purpose of maintaining

discipline and not with a goal of impermissibly subjecting him to harm. Accordingly, he has not alleged a cognizable injury under the Eighth Amendment.

### B. Evidentiary Hearing

Hamer's second claimed error is meritless. Hamer claims he "was deprived of a hearing at which to present evidence in support of his allegations." Hamer was not entitled to any such hearing. First, Hamer's citation to *Taylor v. Gibson*, 529 F.2d 709 (5th Cir. 1976), is inapposite. In *Taylor*, we held that an evidentiary hearing is required where the district court makes credibility determinations in the process of entering a 28 U.S.C. § 1915A dismissal. *Id.* at 716. But the district court in the instant case made no such determination. As discussed above, the district court correctly concluded that Hamer's allegations failed to make out an excessive use of force claim because he presented no evidence or assertions suggesting the officers acted maliciously and sadistically. With respect to Hamer's theft of property claims, the district court dismissed on the grounds that Hamer was required to resort to the available state law post-deprivation remedies. Neither determination required the district court to make a credibility determination, and, hence, no evidentiary hearing was warranted.

Alternatively, Hamer's appeal, when liberally construed, could be seen to allege error in the district court's failure to conduct a *Spears* hearing. *See Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985) (establishing courtroom hearing as substitute for motion for more definite statement in pro se cases), *overruled on other grounds*, *Neitzke v. Williams*, 490 U.S. 319 (1989). This argument also fails. A district court faced with an inadequate pro se prisoner pleading has two choices: 1) conduct a *Spears* hearing; or 2) request a more definite statement from the prisoner-plaintiff by way of a questionnaire designed to "bring into focus the factual and legal bases of [the] prisoners' claims." *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994) (quotation omitted). While it has both options at its

disposal, the district court is not required to conduct a hearing and order the completion of a questionnaire. *Id.* at 9 n.5. In the instant case, the district court created and Hamer completed a questionnaire consisting of thirty-eight supplemental questions. Accordingly, Hamer was not entitled to a *Spears* hearing.

## C. *Right to Bodily Privacy*

Throughout the pleadings and on appeal, Hamer complains that he was subjected to a cross-sex strip search in violation of his Fourth Amendment right to bodily privacy. The record on this point is far from clear. At some points in the record, Hamer clearly contends he was strip searched and then taken away in handcuffs. At others, he seems to state he protested immediately and was taken away before the strip search began. We must resolve this lack of clarity in the record in favor Hamer and his claim. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Accordingly, we assume without deciding that Hamer was strip searched.

A strip search of a male prisoner by a female guard in the absence of exigent circumstances presents a colorable Fourth Amendment claim. *See Moore v. Carwell*, 168 F.3d 234, 235-37 (5th Cir. 1999) (recognizing that a non-exigent strip and cavity search of male prisoner by a female guard, could give rise to a Fourth Amendment violation). If Director Treon was, as Hamer alleged, personally involved in the cross-sex search and if the search occurred under non-exigent circumstances as Hamer alleged, then his claim may rise to the level of a constitutional violation. Accordingly, we reverse the district court's dismissal with respect to Hamer's Fourth Amendment claim against Director Treon.

## IV. CONCLUSION

With respect to his excessive use of force claims, Hamer has failed to demonstrate that the injuries he endured were inflicted maliciously and sadistically so as to violate his rights under the Eighth Amendment. Similarly,

No. 09-20431

though Hamer correctly suggests the district court appeared to undertake credibility determinations on his Eight Amendment claims, any such conduct on the part of the district court did not affect its ultimate ruling and Hamer is not entitled to an evidentiary hearing.

Still, Hamer appears to have met the extremely low threshold required to survive a 28 U.S.C. § 1915A *sua sponte* dismissal on his Fourth Amendment claims premised upon the allegation of a cross-sex strip search. As such, this claim should not have been dismissed *sua sponte*.

Accordingly, we AFFIRM in part and REVERSE and REMAND in part.