## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 13, 2011

No. 10-20842
Summary Calendar

Lyle W. Cayce
Clerk

DALE ALLEN HAMER,

Plaintiff - Appellant

v.

WARDEN JAMES JONES; ROBERT TREON, Director; DOOS WALDRON,
Assistant Director; DEBORAH HARDMAN, Segregation Officer; FERNATER
SMITH, Property Officer; SUSAN RIVAS, Grievance Officer; OFFICER COOK;
SECOND OFFICER, Name Unknown,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-2417

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dale Allen Hamer, Texas prisoner # 757273, appeals the district court's
dismissal of his 42 U.S.C. § 1983 complaint against Warden James Jones and
Director Robert Treon. In a prior appeal, we affirmed the district court's
dismissal of Hamer's complaint with regard to all claims and defendants except
his Fourth Amendment right to bodily privacy claim against Director Treon.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

*Hamer v. Jones*, 364 F. App'x 119, 122-25 (5th Cir. 2010).  On remand, the district court granted Warden Jones's motion to dismiss, concluding that Hamer's claims against him had been dismissed by the district court and that the dismissal had been affirmed on appeal.  The district court also granted Director Treon's motion for summary judgment, concluding that Hamer failed to properly exhaust his administrative remedies.

Hamer contends that the district court erred when it granted Director Treon's motion for summary judgment because he gave prison officials a full and fair opportunity to adjudicate his claim that he was subjected to an improper cross-sex strip search.  He also notes that the district court did not address the exhaustion issue in its initial *sua sponte* dismissal of his complaint.  We review a grant of summary judgment *de novo*.  *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  Similarly, the district court's application of the remand order, including whether the law of the case doctrine or mandate rule forecloses any of the court's actions on remand, is a question of law which we review *de novo*.  *United States v. Pineiro*, 470 F.3d 200, 204 (5th Cir. 2006).

Our prior opinion did not consider, either explicitly or implicitly, whether Hamer had exhausted his administrative remedies.  *See Hamer*, 364 F. App'x at 121-25.  Therefore, neither the law-of-the-case doctrine nor the mandate rule precluded the district court from considering Director Treon's assertion that Hamer failed to exhaust his administrative remedies on his right to bodily privacy claim.  *See United States v. Lee*, 358 F.3d 315, 320-21 (5th Cir. 2004); *Clifford v. Gibbs*, 298 F.3d 328, 331 (5th Cir. 2002).

Although Hamer's Step 1 grievance mentioned that female officers were conducting cross-sex strip searches and that he was ordered to submit to such a search, it also mentioned that he was handcuffed and taken away when he questioned the female officer's right to conduct the search.  The remainder of Hamer's grievance addressed his allegations that prison officials used excessive force, failed to protect him, denied him access to the courts, and lost or destroyed

his personal property. Hamer's isolated reference to the cross-sex strip search did not reasonably indicate that he was complaining of being subjected to such a search.

Moreover, Hamer's Step 2 grievance did not advise prison officials that, in addition to his use of force claim, he was complaining of being subjected to a cross-sex strip search, being denied access to the courts, and having his personal property lost or destroyed. The Step 2 grievance merely stated that he wanted to exhaust his administrative remedies. Because Hamer failed to afford prison officials notice and a fair opportunity to address whether he was subjected to a cross-sex strip search, the district court did not err when it granted Director Treon's motion for summary judgment and dismissed Hamer's right to bodily privacy claim for failure to exhaust administrative remedies. *See Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).

Hamer raises a number of arguments related to the merits of his right to bodily privacy claim, as well as his claims that various prison officials violated his constitutional rights when they used excessive force against him, placed him in segregated confinement without due process of law, subjected him to inhumane prison conditions, and lost or destroyed his personal property. Pursuant to the law-of-the-case doctrine and mandate rule, we do not consider arguments related to any defendant or claim other than Hamer's right to bodily privacy claim against Director Treon. *See Lee*, 358 F.3d at 320-21. Further, because the district court did not err in dismissing Hamer's right to bodily privacy claim against Director Treon, we need not address arguments related to the merits of this claim. *See* 42 U.S.C. § 1997e(a).

Hamer also contends that the district court erred when it denied his motion for a preliminary injunction and failed to rule on his motions for objection and for leave to respond to the defendants' motion for summary judgment. He has abandoned these issues by failing to address the district court's analysis.

*See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Finally, Hamer contends that the district court erred when it denied his motions for the appointment of counsel. He failed to demonstrate the extraordinary circumstances necessary to justify the appointment of counsel. Therefore, the district court's denial of these motions was not an abuse of discretion. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

Accordingly, the district court's judgment is AFFIRMED, and Hamer's motion for the appointment of appellate counsel is DENIED.