# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-40055
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 21, 2011

Lyle W. Cayce
Clerk

MARVIN WADDLETON, III,

Plaintiff-Appellant

v.

NORRIS JACKSON; A. AMBRIZ; D. KEMPT; V L. BRISHER; BARBARA TREVINO,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CV-267

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Marvin Waddleton, III, Texas prisoner # 1355746 and # 14729, seeks to appeal the dismissal of his 42 U.S.C. § 1983 complaint, in which he alleged that he was subjected to strip and visual body cavity searches in the presence of female prison employees in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments. The district court dismissed the complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and 1915A(b)(1).  Accordingly, our review is de novo.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Waddleton's allegations regarding the search of his person did not state a claim for relief under the Eighth Amendment.  *See Moore v. Carwell*, 168 F.3d 234, 237 (5th Cir. 1999).  In this circuit, such claims are properly considered under the Fourth Amendment.  *Id.*  Waddleton has not alleged sufficient facts to show that the search orders or the searches themselves imposed hardships atypical of ordinary prison life.  Nor has he pointed to any specific prison regulation allowing unannounced searches that would constitute punishment.  Thus, no due process protections were triggered here.  *See Sandin v. Conner*, 515 U.S. 472, 483-86 (1995); *Bell v. Wolfish*, 441 U.S. 520, 560-61 (1979).  We do not consider Waddleton's claim, raised for the first time on appeal, that the searches violated the First Amendment right to freedom of religion.  *See Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 993 n.6 (5th Cir. 1999); *Burch v. Coca-Cola Co.*, 119 F.3d 305,319 (5th Cir. 1997).  We affirm the district court's dismissal of these claims.

We turn now to Waddleton's Fourth Amendment claims that the searches here were unreasonable because they were conducted in the absence of any penological justification.  Under the Fourth Amendment, "searches or seizures conducted on prisoners must be reasonable under all the facts and circumstances in which they are performed."  *Elliott v. Lynn*, 38 F.3d 188, 190-91 (5th Cir. 1994) (internal quotation and citation omitted).  Although the burden on prison officials to show that an allegedly unconstitutional search was reasonable is a light one, it is a burden they must nevertheless bear in light of Waddleton's assertions that there was no legitimate penological need for the searches here. *See Elliott*, 38 F.3d at 191.  In analyzing the reasonableness of the searches, the district court was required to balance the need for the searches against the invasion of personal rights that the searches entailed by considering the scope of the intrusions, the manner in which they were conducted, the justification for

them, and the places in which they were conducted. *See Watt v. City of Richardson Police Dep't*, 849 F.2d 195, 196-97 (5th Cir. 1988). Accepting Waddleton's allegations as true, which we must, *see Ashcroft v. Iqbal*, 129 S Ct. 1937, 1949 (2009), there was no justification, penological or otherwise, for the searches conducted in this case. Dismissal for failure to state a claim was premature and thus inappropriate because the facts Waddleton alleges could entitle him to relief for a Fourth Amendment violation. *See Moore*, 168 F.3d at 236-37. Accordingly, we affirm in part and vacate and remand in part to the trial court for further proceedings consistent with this opinion.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.