# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2013

No. 12-40598
Summary Calendar

Lyle W. Cayce
Clerk

WILBERT C. JOHNSON,

Plaintiff-Appellant

v.

JOHN RUPERT; MAJOR JODY C. HEFNER; DWAYNE E. DEWBERRY; CHRISTOPHER A. HOLMAN; FRANCIS E. SWEENEY; G. LIVELY; RICK THALER; BRAD LIVINGSTON,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CV-446

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Wilbert C. Johnson, Texas prisoner # 613845, appeals the dismissal of his civil rights complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). We review such a dismissal de novo. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). "In determining whether to grant a motion to dismiss, the district court must not go outside the pleadings and must

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

accept all well-pleaded facts as true, viewing those facts most favorably to the plaintiff." *Scanlan v. Texas A&M University*, 343 F.3d 533, 536 (5th Cir. 2003).

Johnson alleged that he was being routinely, unwillingly, and unconstitutionally strip searched and required to "squat and cough" in the presence of female officers when going to and from work at the Michael Unit Packing Plant. The Fourth Amendment provides the proper framework in which to analyze such a claim. *Moore v. Carwell*, 168 F.3d 234, 237 (5th Cir. 1999).

Johnson alleged sufficient facts that, if accepted as true, stated a Fourth Amendment claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moore*, 168 F.3d at 237; *Hutchins v. McDaniels*, 512 F.3d 193, 195-98 (5th Cir. 2007); *Waddleton v. Jackson*, 445 F. App'x 808, 809 (5th Cir. 2011). Instead of taking Johnson's allegations as true, the district court looked outside of the pleadings and improperly relied on the Assistant Warden's testimony at the *Spears*[1] hearing to conclude that the searches were justified. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *see also Scanlan*, 343 F.3d at 536; *Eason v. Holt*, 73 F.3d 600, 601 (5th Cir. 1996). Based on this, the court concluded, prematurely at this point, that neither the squat and cough policy nor the searches were unconstitutional. Accordingly, we vacate the dismissal as frivolous and for failure to state a claim of Johnson's Fourth Amendment challenge to the strip searches and of his claim that the squat and cough policy was unconstitutional and vacate the dismissals of Warden Rupert, Major Hefner, Lt. Holman, and Sgt. Sweeney and remand the case for further proceedings.

Johnson does not challenge the dismissal of the defendants who were in the chain of command and denied his grievance. Although he asserts claims related to searches conducted after the *Spears* hearing and the dismissal of his complaint, he does not challenge the denial of his motion to amend to raise those

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

claims. Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). When an appellant fails to make or brief any arguments challenging the basis for the district court's decisions, he abandons any arguments regarding that ruling. *See Yohey*, 985 F.2d at 224-25; *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, the judgment is affirmed as to the dismissal of Brad Livingston, Rick Thaler, Warden Dewberry, and Ginger Lively and as to the denial of the motion to amend.

Additionally, Johnson contends that he alleged violations of the Fifth and Fourteenth Amendments, but he has not briefed any arguments or cited any relevant cases in support of this contention. Accordingly, he has abandoned this argument. *See Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748.

Johnson's motion for the appointment of appellate counsel is denied. *See Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985).

AFFIRMED IN PART, VACATED AND REMANDED IN PART; MOTION DENIED.