# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 12, 2013

Lyle W. Cayce
Clerk

No. 12-41256
Summary Calendar

MARVIN WADDLETON, III,

Plaintiff-Appellant

v.

NORRIS JACKSON; A. AMBRIZ; D. KEMPT; V L. BRISHER; BARBARA
TREVINO; Sergeant JESUS SOTO; Captain KIMBERLY GARZA,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CV-267

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.
PER CURIAM:[*]

Marvin Waddleton, III, Texas prisoner # 1355746 and # 14729, filed a 42
U.S.C. § 1983 complaint against prison officials alleging that strip and visual
cavity searches to which he was subjected on four different dates violated his
constitutional rights. The district court initially dismissed the complaint as
frivolous and for failure to state a claim. Waddleton appealed, and we affirmed
the dismissal of his claims alleging a violation of his rights under the Fifth and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Eighth Amendments. However, we vacated the dismissal of his Fourth Amendment claims that the searches were unreasonable because they were not justified by any legitimate penological interest, and we remanded the case for further consideration of those claims. *See Waddleton v. Jackson*, 445 F. App'x 808, 808-09 (5th Cir. 2011). On remand, the district court granted summary judgment in favor of the defendants and dismissed Waddleton's complaint with prejudice, and this appeal followed.

After his Fourth Amendment claims were remanded, Waddleton filed a motion for relief from judgment under Rule 60(b)(5) of the Federal Rules of Civil Procedure and a motion seeking to collaterally estop the defendants from arguing that his Fourth Amendment claims lacked merit. The district court denied both of those motions, and Waddleton challenges those denials. Waddleton's arguments in this regard reflect his misunderstanding of the effect of our decision in his prior appeal. In considering whether the district court had properly dismissed Waddleton's Fourth Amendment claims for failure to state a claim, we were required to accept Waddleton's allegations, namely that the strip and visual cavity searches here were not justified by any penological interest, as true, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and we did so, *Waddleton*, 445 F. App'x at 809. The merits of Waddleton's Fourth Amendment claims, however, were not reached in our prior opinion. *See Waddleton*, 445 F. App'x at 808-09. Accordingly, the district court did not err in denying Waddleton's motion for collateral estoppel, *see Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005), and it did not abuse its discretion in denying his Rule 60(b)95) motion, *see Lowry Dev., L.L.C. v. Groves & Assocs. Ins., Inc.*, 690 F.3d 382, 386 (5th Cir. 2012).

Next, Waddleton challenges the district court's denial of his motion for default judgment. The record supports the district court's finding that the defendants answered Waddleton's complaint without undue or excessive delay. As a default judgment "should not be granted on the claim, without more, that

the defendant ha[s] failed to meet a procedural time requirement," *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (internal quotation marks and citation omitted), we conclude on the record before us that the district court did not abuse its discretion in denying Waddleton's motion for default judgment, *see Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).

Waddleton also challenges the district court's denial of his motion seeking leave to amend his complaint. It is not clear whether the district court was authorized to permit such an amendment in light of the specific, narrow scope of the remand in *Waddleton v. Jackson*, 445 F. App'x at 809. *See Daly v. Sprague*, 742 F.2d 896 (5th Cir. 1984). Even assuming that the district court had authority to allow such an amendment, we conclude from this record that there was no abuse of discretion in its decision not to do so. *See Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991).

Finally, we turn to Waddleton's challenge to the district court's grant of summary judgment in this case. We review the grant of a motion for summary judgment de novo, applying the same standards as the district court. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (internal quotation marks, emphasis, and citation omitted). If the moving party meets this initial burden, then the burden shifts to the nonmovant to set forth specific evidence to support his claims. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). All facts and inferences are viewed in the light most favorable to the nonmoving party, *Dillon*, 596 F.3d at 266, but a nonmovant cannot satisfy his summary judgment burden with conclusory

allegations, unsubstantiated assertions, or only a scintilla of evidence, *Duffie*, 600 F.3d at 371.

In support of their summary judgment motions, the defendants submitted a copy of the prison's search policy, and they each submitted an affidavit addressing Waddleton's Fourth Amendment claims. Not every defendant had a personal recollection of the particular searches that triggered Waddleton's complaint, but their affidavits provided an explanation why a strip and visual cavity search in each of the circumstances alleged by Waddleton, even in a public area in view of females, would have been reasonable to promote the safety and security of the staff and inmate population of the prison unit. Given that prison order and security are legitimate penological interests, the defendants thus met their light burden of proving that the searches were reasonable for Fourth Amendment purposes. *See Turner v. Safley*, 482 U.S. 78, 89 (1987)*; Elliott v. Lynn*, 38 F.3d 188, 190-91 (5th Cir. 1994). A prison official's determination that an action is reasonable under the circumstances is owed great deference. *Elliott*, 38 F.3d at 191. Waddleton's disagreement with the necessity of or the reasonableness of the searches involved here is insufficient to establish a genuine issue of fact regarding the reasonableness of the searches.

We conclude that the searches here were reasonable and that there was thus no Fourth Amendment violation. Because there was no constitutional violation, the defendants were entitled to qualified immunity from Waddleton's claims against them in their individual capacities. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 351 (5th Cir. 2012). Additionally, the record discloses no error in the district court's determination that the defendants were entitled to Eleventh Amendment immunity from Waddleton's claims against them in their official capacities for monetary damages. *See Hafer v. Melo*, 502 U.S. 21, 26 (1991); *McKinley v. Abbot*, 643 F.3d 403, 406 (5th Cir. 2011).

The judgment of the district court is, in all respects, AFFIRMED.