# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41617

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2017

Lyle W. Cayce
Clerk

Cons. w/16-40280

MARVIN WADDLETON, III,

Plaintiff-Appellant

v.

NORRIS JACKSON; A. AMBRIZ; D. KEMPT; V. L. BRISHER; BARBARA TREVINO; SERGEANT JESUS SOTO; CAPTAIN KIMBERLY GARZA,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CV-267

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Marvin Waddleton, III, Texas prisoner # 1355746, filed a 42 U.S.C. § 1983 complaint, the dismissal of which this court affirmed in 2013. *See Waddleton v. Jackson*, 548 F. App'x 255, 255 (5th Cir. 2013). Waddleton now moves for leave to proceed in forma pauperis (IFP) in this appeal from the denial of a postjudgment motion he filed in May 2015 seeking leave to file a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41617
c/w No. 16-40280

motion under Federal Rule of Civil Procedure 60(b). After Waddleton moved for leave to proceed IFP in this court, he also filed an IFP motion in the district court. The district court denied that motion, certifying that Waddleton's appeal was not taken in good faith, and Waddleton appealed. The two appeals have been consolidated and are now before us.

In addition to moving for leave to proceed IFP on appeal, Waddleton has moved for a nunc pro tunc correction of the district court docket sheet. He maintains that that instrument reflects incorrect dates for the issuance of the opinion and the mandate in appeal No. 14-40055. The dates on the district court docket sheet do not purport to reflect the dates on which events took place in this court. The dates corresponding to district court docket entry numbers 48 and 49 are the dates upon which the district court received the docketed items from this court. Accordingly, the motion for nunc pro tunc correction of the record is denied.

With respect to his IFP motion, Waddleton renews his arguments that the district court was unable to resolve his § 1983 claims at the summary judgment stage and that, in light of *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014), it should have allowed him to file a new Rule 60(b) motion to continue to litigate his Fourth Amendment claims. Waddleton's brief in support of his IFP motion, however, fails to raise any nonfrivolous argument going to any of the district court's orders that are currently before us for review. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the APPEAL IS DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Waddleton has also accumulated at least one other strike. *See*

2

No. 15-41617
c/w No. 16-40280

*Waddleton v. Blalock*, No. 01-40264, 2001 WL 1485851, *2 (5th Cir. Nov. 16, 2001).  Waddleton is warned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).