# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41078

United States Court of Appeals
Fifth Circuit

**FILED**
February 9, 2018

Lyle W. Cayce
Clerk

RONALD E. NEWTON,

> Plaintiff - Appellant

v.

LATASHA JOSEPH, Texas Department of Criminal Justice Correctional Officer, In Their Individual and Official Capacities,

> Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-510

Before KING, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

Texas inmate Ronald E. Newton sued correctional officer Latasha Joseph under 42 U.S.C. § 1983 and Texas law for allegedly strip-searching and cavity-searching him in violation of Texas Department of Criminal Justice (TDCJ) rules after he entered a janitor's closet and closed the door while working in the prison law library. Newton now appeals from the district court's grant of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41078

Joseph's motion for summary judgment on the basis that she was entitled to qualified immunity and that the Texas Tort Claims Act (TTCA) barred his tort claims.  Finding error, we reverse and remand in part.

## STANDARD OF REVIEW

This court reviews de novo a district court's grant of summary judgment on the basis of qualified immunity.  *McCreary v. Richardson*, 738 F.3d 651, 654 (5th Cir. 2013).  Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  When ruling on a motion for summary judgment, "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)); *see also Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009) ("The plaintiff's factual assertions are taken as true to determine whether they are legally sufficient to defeat the defendant's motion for summary judgment.").

## DISCUSSION

Newton asserts that the district court erred in granting summary judgment as to his 42 U.S.C. § 1983 claims on the basis of qualified immunity.

Government officials are protected from liability for civil damages by the doctrine of qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  In determining the applicability of qualified immunity, this court conducts a two-pronged analysis and evaluates whether the summary judgment evidence shows that "the officer's conduct violated a constitutional right, and whether the right at issue was clearly established at the time of the defendant's alleged

2

No. 16-41078

misconduct." *McCreary*, 738 F.3d at 656. This court may consider the steps in any order. *Pearson*, 555 U.S. at 236.

When considering the second prong, this court examines "whether the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *McCreary*, 738 F.3d at 656 (internal marks and citation omitted).

The district court concluded that Joseph's actions were reasonable based on the "light" burden referenced in the unpublished decision of *Waddleton v. Jackson*, 445 F. App'x 808, 809 (5th Cir. 2011). Specifically, the court said that even if Joseph was mistaken in her belief that Newton was entering a restricted room without authorization, it was not unreasonable for her to construe it as an emergency situation justifying a strip search to ensure Newton did not obtain any contraband. The court also said that it was not unreasonable for Joseph to refuse Newton's request for a male officer to conduct the strip search. Further, the district court concluded that such a strip search is related to TDJC penological interests. The district court is correct that such a search may be related to TDJC penological interests, but "[a] strip search of a male prisoner by a female guard in the absence of exigent circumstances presents a colorable Fourth Amendment claim." *Hamer v. Jones*, 364 F. App'x 119, 124-25 (5th Cir. 2010).

In *Moore v. Carwell*, 168 F.3d 234 (5th Cir. 1999), this court recognized that a female guard's non-exigent cavity search of a male inmate may violate the Fourth Amendment. *Id*. at 235-237. Thus, the law is clearly established. We reiterated this in the unpublished decision of *Hamer*, 364 F. App'x at 125 ("If Director Treon was, as Hamer alleged, personally involved in the cross-sex search and if the search occurred under non-exigent circumstances as Hamer alleged, then his claim may rise to the level of a constitutional violation."). This is consistent with at least one other circuit. In *Byrd v. Maricopa Cnty. Sheriff's*

No. 16-41078

*Dep't*, 629 F.3d 1135 (9th Cir. 2011), the Ninth Circuit concluded that "the cross-gender strip search performed on Byrd was unreasonable as a matter of law under the facts of this case and violated Byrd's rights under the Fourth Amendment to be free from unreasonable searches." *Id.* at 1147.

Newton asserts that Joseph strip- and cavity-searched him for entering the janitor's closet to wash his hands. Newton also asserts that Joseph made humiliating and degrading sexual remarks while searching him, made him remove all of his clothing, and made him then bend over in front of another inmate. There is also a statement in the record from another inmate who observed Newton being forced to fully strip nude.

Joseph asserts that she strip-searched Newton "to his boxers" because he went into the "chemical room for no reason and closed the door." Joseph's handwritten report of the incident indicates that she immediately opened the door when Newton entered the closet. Her report also fails to state any belief or concern that Newton had obtained contraband. The report neither mentions "emergency" nor "contraband" in any reference form. Instead, the report says that Joseph strip-searched Newton "due to reasonable suspension [sic]." If anything, the report gives the appearance that Newton may have been searched as punishment for going into the closet.

On summary judgment, Joseph provided various TDJC policies, including a directive on storage, control and accountability of chemicals which says nothing about this particular closet in the library. Joseph did not offer any evidence establishing that Newton actually entered a restricted "chemical room" without permission. Now, Joseph merely points to that general policy on storage, control and accountability of chemicals and argues Newton failed to offer evidence "to establish the room was not restricted or that he had authorization to be in that room." However, at this stage, we are required to take Newton's factual assertions as true and determine whether they are

4

No. 16-41078

legally sufficient to defeat Joseph's motion for summary judgment on the basis of qualified immunity. *See Manis*, 585 F.3d at 843.

Moreover, the TDJC policy on strip searches states that "[s]trip searches shall be used only when directed by specific unit post orders, unit departmental policy, *or when a supervisor believes* there is reasonable cause to warrant such a search." (Emphasis added). Further, the policy explicitly states that "[m]ale offenders shall generally be searched by a male officer; however, in extraordinary circumstances *and when approved by a supervisor*, the search may be conducted by a female officer." (Emphasis added).

The district court concluded that this was an emergency based on Joseph's version of the facts, but failed to take Newton's factual assertions as true and did not address the TDJC policy contemplating such an emergency and still only allowing a female officer to conduct such a search "when approved by a supervisor." Joseph had no such approval and refused Newton's request that he be searched by a male officer. Further, her report of the incident does not mention anything about an emergency or any belief that Newton had obtained any contraband or chemicals. Also, following Newton's grievance, David Pille, law library supervisor, instructed Joseph that she was not to perform such a search again and that a male officer must do it. Pille's instruction is consistent with the policy.

## CONCLUSION

Newton asserts that Joseph conducted a strip- and cavity-search despite the absence of emergency, without obtaining a supervisor's approval, and that he was made to strip until he was fully nude. Assuming Newton's assertions are true, those facts could arise to the level of a Fourth Amendment violation. *See Moore*, 168 F.3d at 237; *see also Byrd*, 629 F.3d at 1147; and *Hamer*, 364 F. App'x at 124-25. At best, Joseph's counter-assertions create a genuine

5

dispute as to material facts.  Accordingly, we reverse the district court's grant of summary judgment to Joseph on the basis of qualified immunity.[1]

Newton's motions to expedite the appeal and for appointment of counsel on appeal are dismissed as moot.  Newton's motion for sanctions is denied because he has failed to establish fraudulent, vexatious and unethical litigation pursuant to Rule 46(c) of the Federal Rules of Appellate Procedure.

For the foregoing reasons, we REVERSE AND REMAND IN PART. MOTIONS DISMISSED and DENIED.

---

[1]With regard to Newton's other claims, which we have not addressed on the merits, we conclude that the district court should consider whether appointment of counsel is appropriate on remand and whether this decision affects its prior determination of Newton's state law claims.