# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31116
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2015

Lyle W. Cayce
Clerk

YILVER MORADEL PONCE,

Plaintiff-Appellant

v.

VIRGIL LUCAS; DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS; JACK GARNER; TIMOTHY WILKINSON; JAY TIM MORGAN; MRS MILLIE; MRS SAWYER; MR JOHNSON; SERGEANT FLOWERS; MR MAC,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CV-1478

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Yilver Moradel Ponce, Louisiana prisoner # 501096, seeks to appeal the dismissal of his 42 U.S.C. § 1983 complaint in which he alleged that he was subjected to strip and visual body cavity searches without reasonable justification in violation of the Fourth Amendment. Ponce also alleged that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutional rights were violated because he was sexually harassed; he raised breach of contract claims and failure to hire claims.

The district court dismissed the complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Accordingly, our review is de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

We first address Ponce's claims that the searches here were unreasonable because they were conducted in the absence of any penological justification. Under the Fourth Amendment, "searches or seizures conducted on prisoners must be reasonable under all the facts and circumstances in which they are performed." *Elliott v. Lynn*, 38 F.3d 188, 190-91 (5th Cir. 1994) (internal quotation and citation omitted). In analyzing the reasonableness of the searches, the district court was required to balance the need for the searches against the invasion of personal rights that the searches entailed by considering the scope of the intrusions, the manner in which they were conducted, the justification for them, and the places in which they were conducted. *See Watt v. City of Richardson Police Dep't*, 849 F.2d 195, 196-97 (5th Cir. 1988). Accepting Ponce's allegations as true, which we must, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), there was no justification, penological or otherwise, for the searches conducted in this case. Dismissal for failure to state a claim was premature and thus inappropriate because the facts Ponce alleges could entitle him to relief for a Fourth Amendment violation. *See Moore v. Carwell*, 168 F.3d 234, 236-37 (5th Cir. 1999). Accordingly, we vacate the dismissal as frivolous and for failure to state a claim of Ponce's Fourth Amendment challenge to the strip and body cavity searches and remand the case for further proceedings.

No. 13-31116

Ponce's sexual harassment claim fails because verbal abuse and threatening language and gestures do not give rise to a cause of action under § 1983. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Ponce has abandoned his claims regarding breach of contract and failure to hire because he has failed to brief them. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999). Finally, because Ponce did not raise in the district court his claim regarding the conditions of the room in which he was searched, we decline to address that issue. *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Ponce's motion for appointment of counsel is DENIED.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.