# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30949
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2017

Lyle W. Cayce
Clerk

YILVER MORADEL PONCE,

Plaintiff-Appellant

v.

VIRGIL LUCAS; DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS; JACK GARNER; TIMOTHY WILKINSON; JAY TIM
MORGAN; MRS. MILLIE; MRS. SAWYER; MR. JOHNSON; DEVIN
FLOWERS, also known as Flowers; KEVIN MCGLOUGHLIN;
CORRECTIONS CORP. OF AMERICA; CAROL MELTON; THEODORE
JOHNSON,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CV-1478

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Yilver Moradel Ponce, Louisiana prisoner # 501096, appeals the
dismissal of his 42 U.S.C. § 1983 complaint following the district court's grant
of summary judgment. This court reviews a grant of summary judgment de

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

novo, using the same standard as that employed by the district court. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

In his complaint, Ponce alleged that he was routinely and unconstitutionally strip searched and subjected to visual body cavity searches without probable cause. The district court granted summary judgment in favor of defendants, concluding that the searches were justified and related to the legitimate penological interest of prison security.

The Supreme Court recognized in *Bell v. Wolfish*, 441 U.S. 520, 558-59 (1979), that controlling the flow of contraband is a legitimate penological interest. In this case, the affidavits submitted by prison officials show that the challenged search policies were aimed at preventing the flow of contraband from outside drivers, who delivered supplies to the garment factory and who routinely mingled with prisoners, to prisoners working in the garment factory, and later to prisoners in the main prison and to prevent the removal of items from the garment factory that could be used as weapons. Ponce offered nothing to rebut prison officials' reasonable justification for the strip and visual body cavity searches. Thus, Ponce has not shown that the district court erred in granting summary judgment in favor of defendants on his Fourth Amendment claims. *See id.* at 558-59; FED. R. CIV. P. 56(a).

Ponce urges this court to consider his claim that the searches violated the Eighth Amendment and the 14th Amendment. However, in this circuit, the Fourth Amendment provides the proper framework in which to analyze such a claim. *See Moore v. Carwell*, 168 F.3d 234, 236-37 (5th Cir. 1999). The district court dismissed Ponce's claim regarding sexual harassment, and we

affirmed the dismissal of that claim on direct appeal. *Ponce v. Lucas,* 590 F. App'x 444, 445 (5th Cir. 2014). Thus, the claim is not before the court in the present appeal. Ponce's state law negligence claims and claims regarding the conditions of the room in which he was searched were not raised in the district court, so we decline to address those issues. *Theriot v. Parish of Jefferson,* 185 F.3d 477, 491 n. 26 (5th Cir.1999). Finally, Ponce's claims that the searches violated state and internal prison regulations do not entitle him to relief under § 1983. *See Jackson v. Cain,* 864 F.2d 1235, 1251 (5th Cir. 1989).

The district court's judgment is AFFIRMED.